UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ARMANDO GUZMAN, SR.,                    :
                       Plaintiff,       :
                                        :      10 Civ. 1048 (DLC)
          -v-                           :
                                        :      MEMORANDUM OPINION
THE CITY OF NEW YORK, RAYMOND KELLY,    :           AND ORDER
Commissioner, City of New York Police   :
Department, ROBERT T. JOHNSON, District  :
Attorney, County of Bronx,              :
                       Defendants.      :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

     The pro se plaintiff Armando Guzman, Sr. ("Guzman")

commenced this lawsuit on February 9, 2010.  In his complaint,

he alleges that the defendants, the City of New York ("City"),

Commissioner of Police Raymond Kelly ("Kelly"), and Bronx

District Attorney Robert T. Johnson ("Johnson," and together,

"Defendants"), violated his constitutional rights by, inter

alia, falsely arresting him and maliciously prosecuting him for

manslaughter.  This case was stayed on July 14 pending the

outcome of the plaintiff's criminal trial.  In a December 13

letter, the attorney for the Defendants informs the Court that

Guzman was acquitted at trial.

     The Defendants seek sua sponte dismissal of the plaintiff's

complaint for failure to state a claim.  Specifically, the

Defendants argue that the plaintiff has failed to plead any

personal involvement by Kelly or Johnson in the incidents alleged in the complaint.  They also argue that the plaintiff fails to state a claim for liability on the part of the City because the plaintiff has not adequately alleged that there exists a policy, practice, or custom by which the City violated the plaintiff's rights.  Finally, the Defendants argue that the complaint must be dismissed as to Johnson because he is absolutely immune from suit.

Prosecutors are absolutely immune from suit for acts that are "intimately associated with the judicial phase of the criminal process," but not for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate."  Warney v. Monroe Cnty., 587 F.3d 113, 121 (2d Cir. 2009) (citation omitted).  Even some admittedly administrative functions may be afforded absolute prosecutorial immunity if they are closely connected with the advocacy function.  Van de Kamp v. Goldstein, 129 S. Ct. 855, 861-62 (2009).  In Van de Kamp, the Supreme Court held that a district attorney was immune from a § 1983 action alleging that he failed to adequately train and supervise employees with respect to information-sharing procedures and failed to create adequate procedures with respect to information sharing.  Id.  The Supreme Court explained:

2

> Here, unlike with other claims related to
> administrative decisions, an individual
> prosecutor's error in the plaintiff's
> specific criminal trial constitutes an
> essential element of the plaintiff's claim.
> The administrative obligations at issue here
> are thus unlike administrative duties
> concerning, for example, workplace hiring,
> payroll administration, the maintenance of
> physical facilities, and the like.
> Moreover, the types of activities on which
> [the plaintiff]'s claims focus necessarily
> require legal knowledge and the exercise of
> related discretion, e.g., in determining
> what information should be included in the
> training or the supervision or the
> information-system management.

Id. at 862.

The plaintiff alleges that Johnson knew about official

misconduct by his subordinates, consisting of making up false

charging instruments to get the grand jury to indict defendants,

but failed and refused to address the conduct; and officially

promulgated policies and procedures that allowed subordinates to

present false evidence to grand jury panels.  Johnson's failure

to adequately train and supervise his subordinates has allowed

them to fabricate criminal charges and manipulate proceedings so

that no bail or excessive bail is offered to minority

defendants.

Johnson is entitled to absolute immunity with respect to

the plaintiff's allegations and the case must be dismissed

against him.  The plaintiff alleges as a critical component of

his claim that the individual assistant district attorney who

presented evidence to the grand jury (but who is not named as a defendant) presented a false charging instrument and false evidence.  As in Van de Kamp, Johnson's training and supervision of his employees on the subject of presenting evidence to the grand jury and presenting arguments with respect to bail conditions would necessarily require the exercise of discretion based on legal knowledge.  Accordingly, it is hereby

ORDERED that the claims against Johnson are dismissed.

IT IS FURTHER ORDERED that the plaintiff may file any amended complaint by **January 14, 2011**.  If the plaintiff believes that the pleading of additional facts will cure deficiencies identified in the Defendants' December 13 letter, the plaintiff should include those facts in the amended pleading.

IT IS FURTHER ORDERED that in the event the plaintiff does not file an amended pleading by January 14, the Defendants' motion to dismiss must be filed no later than **January 21**.  The plaintiff's opposition to that motion shall be due by **February 18**.  The Defendants' reply, if any, shall be due **March 4**.

IT IS FURTHER ORDERED that either party may request an extension of the briefing schedule for the motion.  A deadline will be extended if the party demonstrates that its pursuit of

the action has been diligent and that there is a good reason for extending the deadline.

     SO ORDERED:

Dated:    New York, New York
           December 15, 2010

                                           DENISE COTE
                         United States District Judge